IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

VS.                    CRIMINAL CASE NO. 3:15-cr-00028-(DCB)(LGI)-2

CORINA LEANN CORNELL                                      DEFENDANT

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

This cause is before the Court on Defendant Corina Leann Cornell ("Cornell")'s Motion for Early Termination of Supervised Release [ECF No. 211]. Having carefully considered the motion, the Government's opposition thereto, the United States Probation Officer's letter and recommendation, the record, applicable law, and being otherwise informed in the premises, the Court orders as follows:

A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" after consideration of specific factors in 18 U.S.C. Section 3553(a). 18 U.S.C. § 3583(e)(1); United States v. Polydore, 493 F. App'x 496, 502 n.7 (5th Cir. 2012); United States v. Webb,

1

No. 4:05-CR-150, 2020 WL 3038055, at *1–3 (E.D. Tex. June 4, 2020); United States v. Arledge, No. 5:06-CR-18-DCB-JCS, 2015 WL 3504845, at *1–2 (S.D. Miss. June 3, 2015). The Section 3553(a) factors are:

> 1. the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> 2. the need for the sentence imposed to afford adequate deterrence to criminal conduct;
>
> 3. the need for the sentence imposed to protect the public from further crimes of the defendant;
>
> 4. the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> 5. the kinds of sentence and the sentencing range for the category of offense and category of defendant and whether the terms of supervised release were violated;
>
> 6. pertinent policy statements by the Sentencing Commission;
>
> 7. the need to avoid unwarranted sentence disparities among defendant with similar records who have been guilty of similar conduct; and
>
> 8. the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). As the Fifth Circuit has explained, "[t]he statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence." United States v. Jeanes, 150

F.3d 483, 484 (5th Cir.1998).  Broad discretion is accorded to district courts in evaluating whether to grant early termination of supervised release, id., but courts have generally held that something more than compliance with the terms of supervised release is required to justify early termination.  United States v. Singleton, No. 4:13-CR-248(1), 2020 WL 3271633, at *2 (E.D. Tex. June 17, 2020); Webb, 2020 WL 3038055, at *1–3; Arledge, 2015 WL 3504845, at *1; United States v. Smith, No. 3:10-cr-53, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014).  Early termination is usually granted only in cases involving new or unforeseen circumstances, or where the defendant has demonstrated exceptionally good behavior.  Id.

On March 28, 2016, Cornell pleaded guilty to one count of money laundering.  [ECF No. 119].  This Court sentenced Cornell to 41 months in prison, followed by 3 years of supervised release.  [ECF No. 145].  According to the Government, the Bureau of Prisons released Cornell from its custody on August 9, 2019.[1]  [ECF No. 213 at 1].  Cornell has completed approximately 22 months of her supervised release, and her Probation Officer confirms that she has complied with all terms of her

---

[1] A letter from the United States Probation Office states that the Bureau of Prisons released Cornell from its authority on August 2, 2019, and her supervised release commenced at that time.  Letter dated May 26, 2021, to "Whom it May Concern", from William M. Ostrenga, US Probation Officer.

3

supervision.  Letter dated May 26, 2021, to "Whom it May Concern", from William M. Ostrenga, United States Probation Officer.  The Probation Office has identified Cornell as a "Low Risk" case and has recommended her early release.  Id.  Cornell further informs the Court in her Motion that she has found employment as an eye exam tech, which her Probation Officer has confirmed, id., and she has full custody of her son.  [ECF No. 213 at 1].

The Government opposes Cornell's request and counters that releasing Cornell from supervised release would be rewarding her for doing what is required of her.  [ECF No. 213 at 1].  On this record, the Court agrees.  While compliance with the terms of supervised release is to be commended, it is not, however, sufficient to justify early termination. United States v. Medina, 17 F.Supp.2d 245, 247 (S.D.N.Y. 1998) ("While his post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule."); see also  United States v. Longerbeam, 199 F. Supp.3d 1, 3 (D.D.C. 2016) ("[W]hile the Court commends defendant for his law-abiding conduct and personal successes, such activities are expected of a person on supervised release and do not amount to 'exceptionally good behavior' or 'something of an unusual or extraordinary nature in addition to full compliance.'"

(citations omitted)). The Court finds that Cornell has not demonstrated, at this time, the exceptional circumstances necessary to warrant early termination of her supervised release. The Court is of the opinion that continued supervised release in this case appropriately reflects the seriousness of the offense, serves to promote deterrence to criminal conduct, and provides effective supervision for Cornell's continued rehabilitation.

Accordingly,

IT IS HEREBY ORDERED that Defendant Corina Leann Cornell's Motion for Early Termination of Supervised Release [ECF No. 211] is DENIED.

SO ORDERED this the 1st day of July 2021.

                                            /s/ David Bramlette
                                   UNITED STATES DISTRICT JUDGE